UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JANARD WALTON, NYISHA WALTON LEO TATE, AND TERRELL DORSEY | * * * | CIVIL ACTION NO. |
| VERSUS | * * | JUDGE |
| | * | MAGISTRATE |
| CANAL INSURANCE COMPANY, S&E TRANSPORT, LLC, JOHN STARKS AND GEICO CASUALTY COMPANY (in its capacity as an uninsured/underinsured motorist carrier) | * * * * * | **JURY TRIAL** |
| * * * * * * * * * * * * * * * | | |

## **PETITION FOR REMOVAL**

**NOW INTO COURT**, through undersigned counsel, comes defendant, Canal Insurance Company, and alleges and avers, as follows:

1.

The above entitled case has been filed in the Civil District Court for the Parish of Orleans, State of Louisiana, Civil Docket Number 2018-11142, Div. "G", and is now pending therein. The original *Petition for Damages* was filed on November 5, 2018.

2.

Citation and a copy of the original *Petition for Damages* was served on Canal Insurance Company, through the Louisiana Secretary of State, on or about December 12, 2018.

3.

Citation and a copy of the original *Petition for Damages* was served on Geico Casualty Company, through the Louisiana Secretary of State, based upon information and belief, on or about December 12, 2018. Geico Casualty Company is represented by George P. Riedel, Esq. of the Law Office of Roberto Arostegui and consents to the removal of this matter. Written consent

of Geico Casualty Company is attached hereto as **Exhibit "A"**.

4.

Based on information and belief, S & E Transport, LLC and John Starks have not been served with the Citation and a copy of the original *Petition for Damages*, so their consent to this removal is not required. However, once S & E Transport, LLC and John Starks are served, they will be represented by undersigned counsel, and will consent to the removal of this matter.

5.

The aforementioned suit is a civil action filed by plaintiffs, Janard Walton, Nyisha Walton, Leo Tate, and Terrell Dorsey.

6.

Plaintiffs, Janard Walton, Nyisha Walton, Leo Tate, and Terrell Dorsey, seek an award of damages against Defendants for injuries and damages allegedly arising out of an automobile accident that occurred on or about November 6, 2017 at the intersection of Calliope and Tchoupitoulas Street in the Parish of Orleans, State of Louisiana. **Exhibit "B"**.

7.

Plaintiffs, Janard Walton, Nyisha Walton, Leo Tate, and Terrell Dorsey, are, upon information and belief, persons of the age of majority and residents of and domiciled in the State of Louisiana.

8.

Defendant, Canal Insurance Company, is a foreign insurance company with its place of incorporation and its principal place of business in the State of South Carolina.

9.

Defendant, Geico Casualty Company, based on information and belief, is a foreign insurance company with its place of incorporation and its principal place of business in the State of Maryland.

10.

Defendant, S & E Transport, LLC, based upon information and belief, is a limited liability company whose members are domiciled in the State of Arkansas.

11.

Defendant, John Starks, is a person of the full age of majority domiciled in and a citizen of the State of Arkansas.  **Exhibit "C"**.

12.

Defendant alleges that this Honorable Court has original jurisdiction over the entitled and numbered cause pursuant to Article III of the United States Constitution and 28 U.S.C. §1332, and that all Plaintiffs are diverse from all Defendants named in the *Petition for Damages* and, upon information and belief, that the alleged damages of at least one of the plaintiffs exceed $75,000.00, exclusive of interest and costs.

13.

Plaintiffs' *Petition for Damages* alleges that defendant, John Starks, was operating a vehicle on behalf of S & E Transport, LLC and caused an accident in which plaintiffs "suffered severe and disabling injuries."  **Exhibit "B"**.

14.

Louisiana Code of Civil Procedure Article 893 specifically prohibits the pleading of the amount of monetary damages sought.  Plaintiffs' *Petition for Damages* does not comply with the

Louisiana Code of Civil Procedure in that it does not contain a general allegation that the claims are more or less than the requisite amount for federal court diversity jurisdiction, as is specifically required by La.C.C.P. art. 893(A)(1).

15.

On or about January 3, 2019, undersigned counsel received Plaintiffs' medical records (**Exhibit "D"**) from Anthony J. Milazzo, III, Esq., counsel for Plaintiffs, that had not previously been produced to Canal Insurance Company. More specifically, the new healthcare records included reports showing that Janard Walton had undergone lumbar (9/13/2018) and cervical (9/27/2018) epidural steroid injections, that Nyisha Walton had undergone lumbar (7/12/2018) and cervical (7/26/2018) epidural steroid injections, and that Terrell Dorsey had undergone a lumbar medial branch nerve block (7/12/2018), a lumbar facet radiofrequency ablation (7/19/2018), and a cervical epidural steroid injection (8/2/2018). **Exhibit "D",** *in globo*.

16.

Additionally, the medical records from Anthony J. Milazzo, III, Esq., also enclosed medical bills totaling $11,238 for Janard Walton, $11,850 for Nyisha Walton, and $16,153 for Terrelle Dorsey. **Exhibit "D",** *in globo*.

17.

It reasonably appears that the alleged injuries and damages claimed by plaintiffs, Janard Walton, Nyisha Walton, and Terrell Dorsey, as outlined above, exceed the sum of $75,000, exclusive of interest and costs. Louisiana courts have held that in cases with similar types of injuries alleged by plaintiffs, Janard Walton, Nyisha Walton, and Terrell Dorsey, the damages may exceed $75,000. Routinely, un-operated herniation awards in Louisiana are in the range of $75,000.00 to $100,000.00 in general damages, or even up to $150,000.00. *Trahan v. Deville*,

2005-1482 (La. App. 3 Cir. 5/10/06), 933 So. 2d 187, on reh'g (July 19, 2006), writ denied, 2006-2103 (La. 11/17/06), 942 So. 2d 534 ($75,000.00 for young woman who undergoes spinal injections and therapy for unspecified neck and back injuries); *Este' v. State Farm Ins. Companies*, 96-99 (La. App. 3 Cir. 7/10/96); 676 So.2d 850 ($75,000.00 for cervical disc herniation, cervical degenerative condition, constant pain); *Smith v. Goetzman*, 720 So.2d 39 (La. Ap. 1 Cir. 1998) ($80,000.00 for automobile accident which caused moderate disc bulge and depression with ongoing treatment); *Fruge v. Hebert Oilfield Const., Inc.*, 2003-349 (La. App. 3 Cir. 10/1/03), 856 So. 2d 100, *writ denied sub nom*. *Fruge v. Herbert Oilfield Const., Inc*., 2003-2997 (La. 1/30/04), 865 So. 2d 77 ($100,000.00 for lumbar herniation with possible future surgery); *Cagle v. Harrah's Lake Charles, LLC*, 2007-653 (La. App. 3 Cir. 12/12/07; 974 So.2d 34. ($150,000.00 for lumbar disc protrusion with radiculopathy with surgical recommendation.). The jurisprudence is replete with awards that far exceed $75,000 for damages such as those claimed by plaintiffs, Janard Walton, Nyisha Walton, and Terrell Dorsey, in this case.

18.

Accordingly, defendant, Canal Insurance Company, is entitled to remove this entire case to this Honorable Court for disposition pursuant to the removal provisions of 28 U.S.C. §1441 *et seq*., as amended, and through supplemental jurisdiction of Leo Tate's claims pursuant to 28 U.S.C. §1367.

19.

The time in which Defendants herein may file a *Petition for Removal* in order to properly remove this case has not yet expired. This *Petition for Removal* is filed within thirty days of receipt of the Plaintiffs' medical records from Anthony J. Milazzo, III, Esq., counsel for Plaintiffs, on January 3, 2019, which was the first instance since the inception of the lawsuit in

which Defendants were provided sufficient written justification that the amount in controversy for a claim exceeds the jurisdictional minimum. **Exhibit "D",** *in globo*.

20.

Defendant files herewith a copy of all process, pleadings, and orders served upon them in this action, *in globo*, as **Exhibit "E"**.

21.

In accordance with 28 U.S.C. §1446(d), Defendant will provide appropriate *Notice of Removal* to plaintiffs, Janard Walton, Nyisha Walton, Leo Tate, and Terrell Dorsey, and to the Clerk of Court for the Civil District Court for the Parish of Orleans, State of Louisiana, by filing of the *Notice of Removal* into the record of the state court action.

## JURY DEMAND

22.

Defendant, Canal Insurance Company, is entitled to and request a trial by jury on all issues herein.

**WHEREFORE**, defendant, Canal Insurance Company, prays that the suit entitled, "*Janard Walton, et al v. Canal Insurance Company, et al*," now pending in the Civil District Court for the Parish of Orleans, State of Louisiana, Civil Docket Number 2018-11142, Div. "G", be removed to this, the United States District Court for the Eastern District of Louisiana, and for trial by jury and all just and equitable relief as allowed by law.

Respectfully submitted,

PERRIER & LACOSTE, L.L.C.

*/s/ Michael W. Robertson*

───────────────────────────────

**GUY D. PERRIER (#20323)**
**MICHAEL W. ROBERTSON, ESQ. (#31943)**
One Canal Place
365 Canal Street, Suite 2550
New Orleans, Louisiana  70130
Telephone:  (504) 212-8820
Direct:  (504) 212-8832
Facsimile:  (504) 212-7285
Email: mrobertson@perrierlacoste.com

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JANARD WALTON, NYISHA WALTON LEO TATE, AND TERRELL DORSEY | * * | CIVIL ACTION NO. |
| | * | JUDGE |
| VERSUS | * | |
| | * | MAGISTRATE |
| CANAL INSURANCE COMPANY, | * | |
| S&E TRANSPORT, LLC, JOHN STARKS | * | **JURY TRIAL** |
| AND GEICO CASUALTY COMPANY | * | |
| (in its capacity as an uninsured/underinsured | * | |
| motorist carrier) | * | |
| * * * * * * * * * * * * * * * * | * | |

## **CERTIFICATE**

I HEREBY CERTIFY that a copy of the above and foregoing pleading was this day forwarded to:

> Anthony Milazzo, III
> The King Firm, LLC
> 2912 Canal Street
> New Orleans, LA 70119
>
> George P. Riedel
> Law Office of Roberto Arostegui
> 3510 N. Causeway Blvd., Suite 608
> Metairie, LA 70002

either through the CM/ECF system, depositing a copy of same in the United States mail, first class postage prepaid and properly addressed, by hand delivery, by email transmission, or via facsimile transmission.

New Orleans, Louisiana, this 25th day of January, 2019.

*/s/ Michael W. Robertson*
_____
**MICHAEL W. ROBERTSON**